UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD STUDEBAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00381-JPH-KMB ) |
| SEVIER, et al., | ) ) ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Richard Studebaker, an inmate at New Castle Correctional Facility, has filed a complaint under 42 U.S.C. § 1983. Because Mr. Studebaker is incarcerated, this Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a).

**I.    Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II.     The Complaint

Mr. Studebaker names two defendants: Administrator Sevier and Case Manager Kelly. Mr. Studebaker alleges that when he asked Case Manager Kelly what would happen if he opted in or out of the State's new Case Plan Credit Time program, she refused to advise him. Mr. Studebaker further alleges that Administrator Sevier failed to train Case Manager Kelly on the new program and that as a result, he lost 447 days of good time credit. He seeks restoration of his credit time and money damages.

## III.    Discussion

Mr. Studebaker's complaint must be **dismissed** for failure to state a claim upon which relief may be granted. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (citations omitted). The Supreme Court has held that a habeas corpus petition, rather than a § 1983 action, is the sole avenue for federal relief "when a state prisoner is challenging the very fact or duration of his

2

physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Because Mr. Studebaker's request for the restoration of his good time credit would result in his speedier release from imprisonment, he cannot obtain such relief through this § 1983 action. This leaves only his request for monetary damages. But his pursuit of monetary damages is barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that "when 'a judgment in favor of the plaintiff [in his civil suit] would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 484-85)). The *Heck* bar applies in cases such as this where a judgment in Mr. Studebaker's favor would necessarily imply the defendants wrongfully imprisoned him past his release date. *See Blackmon v. Hamblin*, 436 Fed. App'x. 632, 633 (7th Cir. 2011).

For these reasons, Mr. Studebaker is unable to obtain any of the relief he seeks through this § 1983 action. The Seventh Circuit has instructed district courts not to convert improperly filed § 1983 cases into habeas petitions. *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997). Instead, Mr. Studebaker's complaint must be **dismissed**.

3

## IV. Conclusion

Mr. Studebaker's complaint is dismissed. He has **through September 15, 2023**, in which to **show cause** why judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to do so will result in the dismissal of this action for the reasons set forth in this Order.

**SO ORDERED.**

Date: 8/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICHARD STUDEBAKER
895999
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362